328 December 31, 2025 No. 1157

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PATRICK VERNON FISHER,
*Defendant-Appellant.*

Washington County Circuit Court
22CR23110; A181324

Ricardo J. Menchaca, Judge.

Argued and submitted November 21, 2024.

Bruce A. Myers, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Lani Augustine, Certified Law Student, and E. Nani Apo, Assistant Attorney General, argued the cause for respondent. On the brief were E. Nani Apo, Assistant Attorney General, Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant appeals from a judgment of conviction for one count of attempted first-degree theft, ORS 161.405, 164.055. Defendant argues that the trial court erred by denying his motion for judgment of acquittal because there was insufficient evidence to show that he took a "substantial step" towards committing first-degree theft. Specifically, defendant claims that his conduct—coming to an auto shop twice in the middle of the night, his presence in an SUV containing tools that could be used to steal catalytic converters, and accompanying someone who was looking under cars with a flashlight—was insufficient to corroborate defendant's criminal purpose. Because we conclude that a reasonable factfinder could find that defendant's conduct was a substantial step towards committing first-degree theft, we affirm.

A judgment of acquittal is appropriate if the evidence is insufficient to support a verdict. ORS 136.445. We review questions of the sufficiency of the evidence following a conviction "by examining the evidence in the light most favorable to the state and determining whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). Our decision is "not whether we believe that defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for the [factfinder] to so find." *Id*.

The owner of a specialty automotive repair shop testified that in the early morning of April 16, 2022, he received two security alerts, one around 2:30 a.m., and another around 3:30 a.m. He claimed that the first time, when he checked the live feed from his security camera, he saw a dark SUV pull up to his lot and then saw a man exit the car and proceed to look under some of the owner's cars with a flashlight. He claimed that the second time he checked the security camera, he saw the same man and a man later identified as defendant exit the car, then defendant appeared to briefly urinate before getting back into the car. The police arrived at the shop a few minutes later.

The responding officer testified to, and his body cam recorded footage of, the officer's conversation with defendant. Defendant made a number of statements, including that he and his friend T were "just looking * * * [for] gold under the car," agreeing that the officer's conclusion that they were there to steal catalytic converters was not the wrong conclusion, and that having his own catalytic converters stolen was "where [he] got the idea." In the car with defendant were tools that could be used to aid in removing catalytic converters: a car jack and cutting tools, including a "Sawzall," a type of saw the officer claimed he commonly saw used to steal catalytic converters.

Defendant was charged by complaint with one count of attempted first-degree theft, ORS 164.055. At trial, defendant made a motion for a judgment of acquittal, arguing, as pertinent to this appeal, that the state failed to provide sufficient evidence that defendant took a substantial step towards the commission of the theft. The court denied the motion and defendant was convicted. Defendant timely appealed.

Defendant's argument rests on a single premise: that defendant's conduct did not constitute a "substantial step," towards the commission of theft in the first degree. Specifically, defendant asserts that his conduct did not "strongly corroborate" his criminal intent. We disagree. Defendant's conduct, in light of his incriminating statements to the police, was sufficient evidence from which a factfinder could find that defendant's conduct amounted to a substantial step, thus the trial court did not err by denying defendant's motion for a judgment of acquittal.

To prove attempted theft in the first degree, the state was required to prove that defendant intentionally engaged in conduct that constituted a "substantial step," ORS 161.405(1), toward taking another person's property with intent to deprive another of that property, ORS 164.015(1), and the total value of the property was $1,000 or more, ORS 164.055(1)(a). To constitute a substantial step, the conduct must be "strongly corroborative of the actor's criminal purpose." *State v. Walters*, 311 Or 80, 85, 804 P2d 1164, *cert den*, 501 US 1209 (1991) (internal quotations removed).

To be strongly corroborative of his criminal purpose, defendant's conduct must have "(1) advance[d] the criminal purpose charged and (2) provide[d] some verification of the existence of that purpose." *Id.*

Here, defendant was a passenger in a car that went to an auto shop twice in the middle of the night, he was then found by police in a truck with equipment of the type which would be used to steal catalytic converters, and he made incriminating statements to the responding officer, saying how "they" were looking under the cars and suggesting that he got the idea to steal them when someone stole the catalytic converters from his own car. Defendant's statements could reasonably be interpreted as verification of his criminal purpose because defendant attributed T's actions to them both and might have been the one to formulate the plan. With that context, a factfinder could reasonably infer that defendant and T were scoping out the repair shop, had left to retrieve the tools they would need to remove the catalytic converters, and returned to the shop to carry out the theft—conduct which a factfinder could reasonably find corroborated defendant's intent to steal catalytic converters with T at the auto shop.

In contrast, defendant argues that even if his statements to the responding officer might have suggested an intent to commit theft, those statements are at most suggestive of mere preparation, which does not constitute a substantial step. *See State v. Kyger*, 369 Or 363, 370, 506 P3d 376 (2022) (discussing ORS 161.405's codification of the Model Penal Code's "substantial step" test, which distinguishes acts of "mere preparation" from acts that create criminal liability for attempt). But defendant's conduct went beyond mere preparation. The Model Penal Code's substantial step test specifies several types of conduct that, "if strongly corroborative of the actor's criminal purpose, shall not be held insufficient as a matter of law," including "reconnoitering the place contemplated for the commission of the crime" and "possession of materials to be employed in the commission of the crime, that are specially designed for such unlawful use." Model Penal Code § 5.01(2)(c), (e); *see also State v. Rinkin*, 141 Or App 355, 362-63, 917 P2d 1035

(1996) (applying the Model Penal Code's substantial step test to determine if enticement constituted a substantial step). Given the context of defendant's incriminating statements that suggested he and T acted jointly, a factfinder could reasonably infer that he was engaged in "reconnoitering" on the first visit to the auto shop, and in possession of tools to be employed in the commission of the crime.

Thus, while defendant's involvement in the crime was not the only inference a factfinder could draw from the facts of this case, when viewing the facts and inferences in the light most favorable to the state, the jury could have reasonably inferred from defendant's conduct and statements that he had taken a substantial step towards the commission of theft in the first-degree. There was sufficient evidence for a factfinder to find defendant guilty, and thus the trial court did not err by denying defendant's motion for a judgment of acquittal.

Affirmed.